```
      IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KATHY D. GOWER, individually and
as Administratrix of the Estate of
JOHN RANDALL GOWER, deceased,**

   **Plaintiff,**

**v.**         **//   CIVIL ACTION NO. 1:06CV154**
              **(Judge Keeley)**

**AIG CLAIM SERVICES, INC., and
AIG LIFE INSURANCE COMPANY,**

   **Defendants.**

### ORDER GRANTING DEFENDANTS' MOTION TO EXTEND
### TIME TO FILE NOTICE OF APPEAL

On July 20, 2007, the Court entered a Memorandum Opinion and Order granting summary judgment in favor of the plaintiff, Kathy D. Gower ("Gower"). On the same day, the Court Clerk entered judgment in favor of Gower in this civil case. As a result, on July 24, 2007, Gower filed a motion for attorneys' fees, costs and interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

On July 27, 2007, the defendants filed a motion to extend the time to file a notice of appeal, requesting that the Court enter an Order finding that Gower's motion for fees tolls the time in which to file a notice of appeal. According to the defendants, they have not decided whether to appeal the Court's July 20, 2007 decision, but they believe it would promote judicial economy if both sides have the opportunity to appeal this matter at one time after both the substantive issues and the attorneys' fees issue are resolved by this Court.

Fed. R. Civ. P. 54(d)(2) establishes the procedure for moving

**ORDER GRANTING DEFENDANTS' MOTION TO EXTEND
TIME TO FILE NOTICE OF APPEAL**

for attorneys' fees and provides parties with 14 days after the entry of judgment to file a motion for attorneys' fees. Fed. R. Civ. P. 54(d)(2)(B). Rule 58 provides that if a party timely moves for attorneys' fees, the district court "may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely filed motion under Rule 59." Fed. R. Civ. P. 58(c)(2). Specifically, Rule 4(a)(4) provides that, if a party timely files a motion for attorneys' fees under Fed. R. Civ. P. 54 and the district court extends the time to appeal under Fed. R. Civ. P. 58, the time to file an appeal runs for all parties from the entry of the order disposing of that motion. Fed. R. App. P. 4(a)(4)(iii).

The 1993 amendments to the Civil Rules and Appellate Rules reflect the intention that "district courts should act to facilitate a single appeal that covers both disposition on the merits and disposition of attorney fee issues." 15B Charles Allen Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3915.6 (Supp.2006); <u>see</u> also <u>Gilda Marx, Inc. v. Wildwood Exercise, Inc.</u>, 85 F.3d 675, 679-80 n. 5 (D.C.Cir.1996) (per curiam) ("Obviously, from the appellate court's perspective,

**ORDER GRANTING DEFENDANTS' MOTION TO EXTEND
TIME TO FILE NOTICE OF APPEAL**

it would be desirable if the merits appeal and the appeal from the final order on [attorney] fees could be decided together. Indeed, this appears to be the import of the 1993 amendments to the civil and appellate rules.")

Therefore, in the interests of judicial economy, the Court **GRANTS** the defendants' motion for extension of time (dkt no. 29) and **FINDS** that Gower's motion to attorney's fees tolls the time in which to file a notice of appeal pursuant to Fed. R. Civ. P. 58(c)(2) and Fed. R. App. P. 4(a)(4)(A)(iii).

It is **SO ORDERED.**

The Clerk is directed to transmit copies of this Order to the parties of record.

DATED: July 30, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE